HOLLOHAN v. REMPE et al.

(Supreme Court, Appellate Division, Second Department.   November 18, 1910.)

1. ACKNOWLEDGMENT (§ 62*)—CERTIFICATE—EVIDENCE.
   Evidence *held* sufficient to overcome the probative force of a notarial certificate that the deed was that of a certain married woman.
   [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. § 346; Dec. Dig. § 62.*]

2. WITNESSES (§ 37*)—KNOWLEDGE OF FACT—RECOLLECTION—PERSONAL IDENTITY.
   Though a notary had no memory of a transaction or person acknowledging a deed, he could state that a certain person pointed out to him was not the person acknowledging a deed.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 82; Dec. Dig. § 37.*]

Appeal from Special Term, Kings County.

Action by Maye B. Hollohan, as committee, etc., against Carrie Rempe and others.   From a judgment for defendants (66 Misc. Rep. 27, 120 N. Y. Supp. 901), plaintiff appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Charles La Rue, for appellant.
John T. Sackett, for respondents.

THOMAS, J.   On May 25, 1900, Frank B. Smith executed and acknowledged a deed of land, and Mary B. Smith, his wife, apparently signed the same, and acknowledged it before G. Winslow Powell, a notary public, No. 100, Kings county, New York.   Smith's name was Frank Buchnowski, and his wife's name was Mary.   This action is brought by her daughter, Hollohan, as her committee, to set aside the deed so far as it affects her, upon the ground that she did not sign it.

In May, 1900, Smith did not live with his wife, but did live in Brooklyn with a woman named Mary Enut, who passed as his wife. The deed was not produced.   Its production would have availed little, as the wife was an incompetent, and the husband and Enut were not present, and, had they been, would not have admitted forgery of the name.   The fact that at the time of the execution of the deed the wife was not, and Enut, as wife, was, living with Smith, strongly indicates that the latter executed the deed personating the wife.   Where was the wife?   Since May, 1903, she has been living with the plaintiff. May 21, 1900, the daughter, Hollohan, was 19 or 20 years old.   When she was 5 years old, or some 14 years before (that is, in 1886), she visited her mother in an insane asylum in Middletown.   She saw her in an asylum in December, 1902, and prior to bringing her home in May, 1903, she testified that her mother "was buffeted about in different asylums" (folio 125).   Mary Kulaszewicz saw the wife in an asylum at Middletown "24 years ago" from 1909, or in 1885.

Powell, the notary public, could not recall any of the "circum-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stances in regard to the acknowledgment of that deed." He had no recollection of the person who made it; but, referring to the incompetent, he testified, "I can say it was not this lady." If the fact that the wife was in an asylum in 1895, 1896, 1902, and 1903 does not prove that she was there in May, 1900, yet when it is joined to the facts that at the time of the execution of the deed, and at a previous period continuing through several years, Smith did not live with her, but with Enut, and held the latter out as his wife, and that the notary testified that the incompetent was not the person who acknowledged, the probative force of the notarial certificate is rebutted.

Although the notary had no memory of the transaction or the person acknowledging, he could, without inconsistency, state whether the incompetent was such person. One may not affirmatively recall a person who did an act in his presence, and yet know whether he has ever seen a particular person called to his attention. Not to recall face and form of a person once seen does not preclude knowledge that a present person has never been seen. The security of titles is important, but this incompetent's interest is equally valuable. It is no higher justice to protect purchasers than those having present property rights against the loss of them by forgery.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.